# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY NAVARRETTE aka Mr. T. Navarrette El,<br><br>                                  Plaintiff,<br><br>vs.<br><br>DEP'T OF HOMELAND SECURITY; JANE DOE 1; JANE DOE 2; U.S. CUSTOMS AND BORDER PROTECTION; METROPOLITAN CORRECTIONAL CENTER,<br><br>                                  Defendants. | Case No.: 22cv006-LL-RBM<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION TO APPOINT COUNSEL; AND (3) DISMISSING CLAIMS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>**[ECF Nos. 3, 5]** |

Tommy Navarrette ("Plaintiff"), formerly housed at the Santa Rita Jail, and proceeding pro se, filed this civil action using a form complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983 on January 4, 2022. (*See* Compl., ECF No. 1.) In addition, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 3.)

## I.     Procedural History

Plaintiff did not prepay the civil filing fee at the time he submitted his Complaint, instead he filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C.

§ 1915(a). However, because he was incarcerated at the time he filed this action, he was required to submit a certified copy of his Inmate Statement Report for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2).

Therefore, on January 25, 2022, the Court denied Plaintiff's *IFP* motion and dismissed the case pursuant to 28 U.S.C. § 1914(a), but granted Plaintiff leave to file a renewed *IFP* motion. (*See* ECF No. 4.) On February 11, 2022, Plaintiff filed a renewed Motion to Proceed *IFP*. (ECF No. 5.)

## II. Motions to Proceed *IFP*

As the Court noted in its January 25, 2022 Order, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Along with his Motion to Proceed *IFP*, Plaintiff notified the Court that he had been "recently released from Santa Rita Jail in Dublin, California" and is currently enrolled in a drug rehabilitation program. (ECF No. 5-1.) However, it is unclear whether he is "accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program" and thus, whether he could still be considered a "prisoner" for *IFP* purposes. *See* 28 U.S.C. § 1915(h); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Because his status is uncertain, the Court will presume Plaintiff is *not* subject to those provisions of § 1915 that apply only to prisoners, and review his IFP application just as it would those filed by any other person. *See e.g., Agyeman v. I.N.S.*, 296 F.3d 871, 886 (9th Cir. 2002) ("[T]he statutory term 'prisoner' is limited to an individual who is 'currently detained as a result of

accusation, conviction, or sentence for a *criminal* offense.'") (citing *Page v. Torrey,* 201 F.3d 1136, 1139-40 (9th Cir. 2000) (emphasis original).

Based on the affidavit Plaintiff has now provided, the Court finds he is unable to pay the fees or post securities required to maintain this action, and **GRANTS** his Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a) (ECF No. 5).

### III. Motion to Appoint Counsel

Plaintiff seeks counsel on the grounds that this is an "extremely important civil rights case," his indigency, and his lack of "access to resources to litigate." (ECF No. 3.) All documents filed pro se are liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exception circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Such exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's Complaint demonstrates that while not formally trained in law, he is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are not exceptionally legally complex. *Agyeman*, 390 F.3d at 1103. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice.

### IV. *Sua Sponte* Screening pursuant to 28 U.S.C. § 1915(e)(2)

A. <u>Standard of Review</u>

Because he is proceeding *IFP*, Plaintiff's Complaint is subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which

relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The purpose of § 1915's screening provisions are "'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

B.  Plaintiff's Allegations

On January 10, 2020, Plaintiff traveled from Los Angeles to Tijuana, Mexico to "get some dental work done." Compl. at 9. Plaintiff had a "medical prescription for medical marijuana." *Id*. He also possessed some "organic African soap" which was a soap "sold in blocks and wrapped in plastic." *Id*. As Plaintiff attempted to cross the border into Mexico, driving a "black 2014 Toyota Prius," he was sent to "secondary search." *Id*. at 10. "Agents" at the secondary search informed Plaintiff that they had "located the medical marijuana" which he "forgot to claim." *Id.*

Plaintiff was "detained for over 6 hours" where DHS Agents Jane Doe 1 and Jane Doe 2 "took [him] into an isolated room and began to interrogate him." *Id*. He was asked about a "foreign substance located in the trunk" of his car. *Id.* at 10-11. Plaintiff claims he was "unsure" what "substance" they were referring to and "denied its existence." *Id.* at 11. Plaintiff was "consequently abruptly arrested and transferred" to Metropolitan Correctional Center ("MCC") where he was "booked and arrested" for possession of ecstasy and attempting to transport it over the border. *Id.*

|   |   |
|---|---|
| 1 | Plaintiff claims he "had no illegal drugs" in his car nor was he "in the business of transporting drugs over the border." *Id.* Later Plaintiff discovered that the "item in question was 'BOAS, black organic African soap'." *Id.* Plaintiff alleges that they falsely claimed that the soap had "trace amounts" of ecstasy. *Id.* at 12. He further alleges that the "test on the soap was falsified in an effort to detain Plaintiff and the booking into [MCC] was on false pretenses equaling false imprisonment." *Id.* |

Plaintiff claims he "had no illegal drugs" in his car nor was he "in the business of transporting drugs over the border." *Id.* Later Plaintiff discovered that the "item in question was 'BOAS, black organic African soap'." *Id.* Plaintiff alleges that they falsely claimed that the soap had "trace amounts" of ecstasy. *Id.* at 12. He further alleges that the "test on the soap was falsified in an effort to detain Plaintiff and the booking into [MCC] was on false pretenses equaling false imprisonment." *Id.*

When Plaintiff later met with his public defender attorney he claims that his attorney attempted to "coerce Plaintiff into fast tracking the case and accepting a plea deal for possession of soap." *Id.* at 12-13. Plaintiff's car was also "seized at the Border as a result of this false arrest and unlawful detainment," along with an iPhone and his passport. *Id.* at 13. Plaintiff was released on February 5, 2020 due to "expedited testing of the item in question that determined the item was soap." *Id.* at 14.

Plaintiff seeks declaratory relief, along with compensatory and punitive damages. *See id.* at 33-34.

C.  Discussion

The Complaint indicates this action is brought under 42 U.S.C. § 1983. (*See* ECF No. 1 at 1.) Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "Section 1983, however, provides no right of action against federal (rather than state) officials." *Russell v. United States Dept. of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999). To the extent Plaintiff has named federal rather than state actors as Defendants, his Complaint is properly construed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.")

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's

constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). Thus, to state a *Bivens* claim for damages, the plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

To the extent Plaintiff seeks to hold the Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and Metropolitan Correctional Center ("MCC") liable for damages incurred but committed by unidentified individual officers, he fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. A *Bivens* action may only be brought against a federal official in his or her individual capacity. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). A *Bivens* claim cannot stand against the United States, or any of its departments, offices, or agencies. *See FDIC v. Meyer*, 510 U.S. 471 (1994). "[T[he purpose of *Bivens* is to deter the officer," not the agency. *Id.* at 485. Indeed, the Supreme Court has held that "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself." *Id.* at 486. Accordingly, to the extent that Plaintiff's Complaint alleges constitutional violations on the part of DHS, CBP, and MCC, he fails to state a claim upon which *Bivens* relief may be granted and these Defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

As to his Fourth Amendment false arrest claims against Jane Doe 1 and Jane Doe 2, the Court finds Plaintiff's Complaint alleges a plausible claim against these Defendants sufficient to survive the "low threshold" set for *sua sponte* screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Iqbal*, 556 U.S. at 678.

Plaintiff must, of course, identify the Defendants currently described only as "Jane Doe 1 and Jane Doe 2" by their true names and substitute those individual persons as parties before the U.S. Marshal will be ordered to serve them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant."). However, the Court will not dismiss Jane Doe 1 and Jane Doe 2 as Defendants at this time because where the identity of parties is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

D.  <u>Leave to Amend</u>

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading in order to name the individual officers he seeks to hold liable. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV. Conclusion and Orders

Accordingly, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a) (ECF No. 5);

(2) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3);

(3) **DISMISSES** claims against Department of Homeland Security, U.S. Customs and Border Protection, and Metropolitan Correctional Center for failing to state a claim upon which either § 1983 or *Bivens* relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B);

(4) **GRANTS** Plaintiff until **April 4, 2022** to file a First Amended Complaint that identifies by name the individual officers he seeks to hold liable, and if he so chooses, attempts to correct the deficiencies of pleading identified in the Court's Order. Plaintiff's First Amended Complaint must be complete by itself without reference to either of his previous pleadings. Defendants not named and any claim not re-alleged in his First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a First Amended Complaint by **April 4, 2022**, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  March 10, 2022

_____
Honorable Linda Lopez
United States District Judge