**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOMMY NAVARRETTE aka<br>Mr. T. Navarrette El<br><br>                                    Plaintiff,<br><br>           vs.<br><br>DEP'T OF HOMELAND SECURITY;<br>JANE DOE 1; JANE DOE 2;<br>U.S. CUSTOMS AND BORDER<br>PROTECTION; METROPOLITAN<br>CORRECTIONAL CENTER; ROBIN<br>WREN, Special Agent,<br><br>                                    Defendants. | Case No.:  3:22-cv-0006-LL-AHG<br><br>**1) DISMISSING DEFENDANTS AS WAIVED;**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT UPON REMAINING DEFENDANT PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

**I.      Procedural History**

On January 4, 2022, Tommy Navarrette ("Plaintiff"), formerly housed at the Santa Rita Jail, and proceeding pro se, filed this civil action using a form complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  In addition, Plaintiff filed a Motion to Appoint Counsel and a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a).  (*See* ECF Nos. 3, 5.)

1        On March 10, 2022, the Court GRANTED Plaintiff's Motion to Proceed IFP,

2   DENIED his Motion to Appoint Counsel, sua sponte DISMISSED the claims against

3   Department of Homeland Security, U.S. Customs and Border Protection, and Metropolitan

4   Correctional Center for failing to state a claim upon which either § 1983 or *Bivens v. Six*

5   *Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) relief could

6   be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  (*See* ECF No. 6 at 8.)  However, the

7   Court found that Plaintiff had alleged a plausible Fourth Amendment false arrest claims

8   against the Jane Doe Defendants and granted Plaintiff leave amend his pleading to identify

9   these Defendants in order for the Court to order the U.S. Marshal to serve them.  (*Id.* at 7.)

10   Plaintiff was also cautioned that any Defendants not named and any claim not re-alleged

11   in his First Amended Complaint would be considered waived.  (*See id.* at 8 citing *See* S.D.

12   Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546; *Lacey v. Maricopa Cnty.*, 693

13   F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are

14   not re-alleged in an amended pleading may be "considered waived if not repled.").)

15        On March 25, 2022, Plaintiff filed his First Amended Complaint ("FAC").  (*See* ECF

16   No. 7.)  In his FAC, Plaintiff has substituted Defendant Robin Wren for Jane Doe 1.  (*See*

17   *id.* at 3.)  Plaintiff no longer names Defendants Department of Homeland Security, Jane

18   Doe 2, U.S. Customs and Border Protection, or Metropolitan Correction Center San Diego.

19   Thus, the claims against these Defendants are deemed waived and they are DISMISSED

20   from this action.  The Clerk of Court is directed terminate these Defendants from the

21   docket.

22   **II.    *Sua Sponte* Screening pursuant to 28 U.S.C. § 1915(e)(2)**

23        A.    <u>Standard of Review</u>

24        As the Court previously informed Plaintiff because he is proceeding *IFP*, Plaintiff's

25   FAC is subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious,

26   fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a

27   defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*,

28   135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss

1    the case at any time if the court determines that—(A) the allegation of poverty is untrue;

2    or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on

3    which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

4    banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in

5    forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845

6    (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are

7    not limited to prisoners.").

8          The purpose of § 1915's screening provisions are "'to ensure that the targets of

9    frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*,

10   762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*,

11   689 F.3d 680, 681 (7th Cir. 2012)).

12         B.    <u>Discussion</u>

13         Once again, Plaintiff indicates that this action is brought under 42 U.S.C. § 1983.

14   (*See* ECF No. 7 at 1-2.)  Title 42 U.S.C. § 1983 "creates a private right of action against

15   individuals who, acting under color of state law, violate federal constitutional or statutory

16   rights."  *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "Section 1983,

17   however, provides no right of action against federal (rather than state) officials."  *Russell*

18   *v. United States Dept. of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999).  To the extent

19   Plaintiff has named a federal rather than a state actor as the sole Defendant, his FAC is

20   properly construed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau*

21   *of Narcotics*, 403 U.S. 388 (1971).  *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.

22   1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement

23   of a state actor under § 1983 by a federal actor under *Bivens*.")

24         "In *Bivens*, the Supreme Court 'recognized for the first time an implied right of

25   action for damages against federal officers alleged to have violated a citizen's

26   constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting

27   *Hernandez v. Mesa*, __U.S.__, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the

28   limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog

1    to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*,

2    556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). Thus, to

3    state a *Bivens* claim for damages, the plaintiff must allege facts showing that: (1) a right

4    secured by the Constitution or laws of the United States was violated, and (2) the alleged

5    deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th

6    Cir. 1991).  Thus, the Court, once again, construes Plaintiff's action to arise under *Bivens*.

7           In addition, the Court finds Plaintiff's FAC alleges a plausible Fourth Amendment

8    false arrest claim against Defendant Wren sufficient to survive the "low threshold" set for

9    *sua sponte* screening as required by 28 U.S.C. § 1915(e)(2). *See Wilhelm v. Rotman*, 680

10   F.3d 1113, 1123 (9th Cir. 2012); *Iqbal*, 556 U.S. at 678.

11   **III.    Conclusion and Orders**

12          Good cause appearing, the Court:

13          1.     **DISMISSES** all claims against Defendants Department of Homeland

14   Security, Jane Doe 2, U.S. Customs and Border Protection, and Metropolitan Correction

15   Center San Diego.  The Clerk of Court is directed to terminate these Defendants from the

16   docket.  The Clerk of Court is also directed to terminate Defendant Jane Doe 1 in light of

17   Plaintiff's substitution of Defendant Robin Wren for Jane Doe 1.

18          2.     **DIRECTS** the Clerk to issue a summons as to Defendant **Wren** and forward

19   it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant. In addition, the

20   Clerk will provide Plaintiff with a certified copy of the March 10, 2022 Order granting IFP

21   status, certified copies of his FAC, and the summons so that he may serve the Defendant.

22   Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as

23   completely and accurately as possible, *include an address where each named Defendant*

24   *may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them

25   to the United States Marshal according to the instructions the Clerk provides in the letter

26   accompanying his IFP Package.

27          3.     **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon

28   Defendant **Wren** as directed by Plaintiff on the USM Form 285s provided to him. All costs

1    of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ.

2    P. 4(c)(3).

3          4.    **ORDERS** Defendant, once he has been served, to reply to Plaintiff's FAC

4    within the time provided by the applicable provisions of Federal Rule of Civil Procedure

5    12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to

6    "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or

7    other correctional facility  under section 1983," once the Court has conducted its sua sponte

8    screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a

9    preliminary determination based on the face on the pleading alone that Plaintiff has a

10   "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

11         5.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to

12   serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's

13   counsel, a copy of every further pleading, motion, or other document submitted for the

14   Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every

15   original document he seeks to file with the Clerk of the Court, a certificate stating the

16   manner in which a true and correct copy of that document has been served on Defendant

17   or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document

18   received by the Court which has not been properly filed with the Clerk or which fails to

19   include a Certificate of Service upon the Defendant, or his counsel, may be disregarded.

20         **IT IS SO ORDERED.**

21   Dated:  May 16, 2022

22

23                                          _____
                                            Honorable Linda Lopez
24                                          United States District Judge

25

26

27

28

3:22-cv-0006-LL-AHG