UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY NAVARRETTE,<br><br>                        Plaintiff,<br><br>v.<br><br>ROBIN WREN,<br><br>                        Defendant. | Case No.: 3:22-cv-0006-LL-AHG<br><br>**REPORT AND RECOMMENDATION RECOMMENDING THE COURT:**<br><br>**(1) GRANT DEFENDANT'S MOTION TO SET ASIDE ENTRY OF CLERK'S DEFAULT; and**<br><br>**(2) DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS MOOT**<br><br>**[ECF Nos. 14, 16]** |

Before the Court is (1) Defendant Special Agent Robin Wren's ("Defendant") Motion to Set Aside Default (ECF No. 14) and (2) Plaintiff Tommy Navarrette's ("Plaintiff") Motion for Default Judgment (ECF No. 16).

## I.  BACKGROUND

Plaintiff, who is proceeding *pro se*, first filed this civil rights action on January 4, 2022, along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. On March 10, 2022, the Court granted Plaintiff's motion to proceed IFP and, after conducting the requisite IFP screening process, dismissed the majority of Plaintiff's claims for failure to state a claim pursuant to 8 U.S.C. § 1915(e)(2)(B). ECF No. 6. Specifically, the Court dismissed Plaintiff's claims against Department of Homeland Security, U.S. Customs and Border Protection, and Metropolitan Correction Center for failing to state a claim upon which either § 1983 or *Bivens* relief may be granted, but permitted Plaintiff until April 4, 2022 to file a First Amended Complaint to identify by name the individual officers he seeks to hold liable based on his allegations in this action.

Plaintiff filed the operative First Amended Complaint ("FAC") in this action on March 25, 2022, naming Defendant Robin Wren, a Homeland Security Investigations Special Agent for the Department of Homeland Security. ECF No. 7. Because Plaintiff is proceeding IFP, Rule 4 of the Federal Rules of Civil Procedure entitles him to service of the summons and complaint by a U.S. Marshal. Fed. R. Civ. P. 4(c)(3). Upon review of the FAC on May 16, 2022, the Court found that Plaintiff alleged a plausible Fourth Amendment false arrest claim against Defendant Wren and accordingly directed the Clerk to issue a summons as to Defendant Wren and to forward it to Plaintiff along with a blank U.S. Marshal Form 285. ECF No. 9 at 4. In addition, the Court instructed the Clerk to provide Plaintiff with a certified copy of the Order granting Plaintiff's IFP status, certified copies of his FAC, and the summons, and instructed Plaintiff to "complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal[.]" *Id.* (emphasis in original). The Court also

ordered the U.S. Marshal, pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), "to serve a copy of the FAC and summons upon Defendant Wren as directed by Plaintiff on the USM Form 285s provided to him." *Id.*

Plaintiff filed proof of service on July 14, 2022, returning an executed summons signed by the U.S. Marshal on July 12, 2022, certifying that the USMS Deputy tasked with service "personally served . . . the process described on the individual . . . at the address shown above[.]" The individual named on the summons was "Special Agent Robin Wren," and the address provided by Plaintiff was Homeland Security Investigations Legal Advisors Office, 880 Front St, Suite 2246, San Diego, CA 92101. *Id.*

On September 21, 2022, Plaintiff filed a motion for entry of Clerk's Default pursuant to Fed. R. Civ. P. 55(a), due to Defendant Wren's failure to file a responsive pleading to the FAC within 60 days after the July 12, 2022 date of personal service (according to the executed summons). ECF No. 12. The Clerk entered default on September 27, 2022. ECF No. 13.

On September 30, 2022, the United States filed a Motion to Set Aside Default (ECF No. 14), on the basis that Plaintiff failed to effectuate proper service on Defendant Wren in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. Rule 4(i) provides that, when suing a United States officer or employee in an individual capacity for an act or omission occurring in connection with the officer's duties, in addition to serving the individual officer, the plaintiff must also serve the United States. Fed. R. Civ. P. 4(i)(3). To serve the United States, a party must deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought or send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's Office, **and** must also send a copy of each by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1). Defendant contends that Plaintiff failed to serve the U.S. Attorney's Office in this district, the United States Attorney General, or Defendant Wren, and provides a Declaration from Defendant Wren stating that, contrary to the proof of service executed by the U.S. Marshal, she was

not personally served with the summons and complaint in this action. *See* ECF No. 14-1, Wren Decl. ¶ 3.

Because Plaintiff failed to properly effect service in this action, the United States requests that the entry of default against Defendant Wren be set aside, and additionally requests that the 60-day time period for Defendant to respond to the FAC not commence until Plaintiff has complied with the service requirements of Rule 4(i). ECF No. 14 at 3.

After the United States filed its Motion to Set Aside Default on September 30, Plaintiff filed a Motion for Default Judgment on October 3, 2022. ECF No. 16.

## II.   DISCUSSION

Rule 55 provides that the Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The Court's discretion to set aside entry of default "is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). Where a clerk's entry of default was entered despite improper service of process, there is good cause to set aside the default as void. *See, e.g.*, *McCain v. California Highway Patrol*, No. 2:11-CV-01265 KJM, 2011 WL 5169372, at *3 (E.D. Cal. Oct. 28, 2011) (collecting cases for the proposition that "a clerk's entry of default may be set aside as void when default was entered in the absence of proper service of process"); *Banks v. ACS Educ.*, No. 10CV1886-BTM CAB, 2011 WL 811601, at *1 (S.D. Cal. Mar. 2, 2011) ("Improper service of the complaint presents good cause to set aside entries of default.").

Upon review of the record, the undersigned agrees that it was improper to enter default against Defendant Wren without proof of service on the United States[1] and

---

[1] Defendant Wren disputes that she was personally served, although the proof of service indicates that personal service was effected by the USMS Deputy. ECF No. 11. However, regardless of whether Defendant Wren was personally served, Rule 4 dictates that service on Defendant Wren would not be complete without service on the United States. Therefore, there is good cause to set aside the entry of default whether or not Defendant Wren was personally served with the summons and FAC.

accordingly recommends that the Court find good cause to grant the motion to set aside entry of default. If the Court sets aside the Clerk's entry of default, the Court should also deny Plaintiff's Motion for Default Judgment (ECF No. 16) as moot.

However, for the reasons explained more fully below, the undersigned further recommends that the Court deny the request to extend Defendant's deadline to file a responsive pleading to 60 days after Plaintiff properly completes service. Instead, the more efficient and fairer approach would be to set aside the entry of default, excuse the Rule 4(i) service requirements, and extend the deadline for Defendant to respond to the FAC to 60 days from the date of the Court's order setting aside entry of default.

The Ninth Circuit has explained that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (quoting *United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179 & 1532 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, even under a liberal construction, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Benny*, 799 F.2d at 492 (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).

Not only should the Court liberally construe Rule 4 where the party who was improperly served has sufficient notice of the complaint, but the Ninth Circuit has also explained, under similar circumstances involving a *pro se* litigant's technical defect in service, that courts "are generally more solicitous of the rights of *pro se* litigants, particularly when technical jurisdictional requirements are involved." *Borzeka v. Heckler*, 739 F.2d 444, 448 n.2 (9th Cir. 1984).

In *Borzeka*, the Ninth Circuit set forth a four-factor test governing when Rule 4 service requirements may be excused in the context of a motion to dismiss a litigant's complaint for failure to properly effectuate service—if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d)

the plaintiff would be severely prejudiced if his complaint were dismissed." 739 F.2d at 448. Although *Borzeka* deals with whether Rule 4 requirements may be excused to deny a motion to dismiss a complaint, which is not the question at hand in this instance, the same principles may be applied to the question of whether Rule 4 service requirements should be excused more generally.

Here, the undersigned recommends that the Court find Plaintiff substantially complied with Rule 4 by completing the USM Form 285 in a manner that was consistent with the Court's instructions in the Court's May 16, 2022 Order. *See* ECF No. 9. Specifically, the Court directed the Clerk "to issue a summons **as to Defendant Wren** and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant" and to provide Plaintiff with a copy of the Order granting Plaintiff's IFP status, certified copies of his FAC, and the summons "so that [Plaintiff] may serve **the Defendant**[,]" ordered Plaintiff to "complete the USM Form 285s as completely and accurately as possible" and to "include an address where **each named Defendant** may be found and/or subject to service" and to return the form to the United States Marshal, and ordered the U.S. Marshal "to serve a copy of the FAC and summons **upon Defendant Wren** as directed by Plaintiff on the USM Form 285s provided to him." *Id.* at 4-5 (emphasis added).

Plaintiff strictly complied with the language of the Court's May 16, 2022 Order by completing and returning the USM Form 285 with Defendant's name and an address where Defendant Wren could be personally served, which resulted in an executed summons indicating that personal service was effected. Under a flexible construction of the requirements of Rule 4, these efforts to serve Defendant Wren amount to substantial compliance with the Rule.

Turning to the *Borzeka* factors, Defendant Wren, the Civil Process clerk for the United States Attorney's office for this district, and the United States Attorney General now all have actual notice of this litigation, as reflected by the Declarations the United States provided in support of its Motion to Set Aside Entry of Default. *See* ECF No. 14-1, Wren Decl. ¶¶ 2-3; ECF No. 14-2, Wiggins Decl. ¶¶ 4-5. Nor would any prejudice be

suffered by Defendants as a result of Plaintiff's technical defect in service. This case has only just commenced, and the undersigned recommends that Defendant Wren be afforded an additional 60 days from the date of the Court's Order setting aside entry of default to file a responsive pleading to the FAC, which in effect would give Defendant Wren at least 78 days since she received actual notice of the litigation to respond, which is more time than would be provided Defendant under Rule 4 had Plaintiff properly served her.

There is also a justifiable excuse for Plaintiff's failure of service, in light of his efforts to serve Defendant Wren consistent with the instructions set forth in the Court's May 16, 2022 Order. To be clear, Plaintiff was responsible for providing all the information necessary for the U.S. Marshal to effect service on his behalf under the IFP statute. *Cristo v. SEC*, No. 19CV1910-GPC(MDD), 2020 WL 2735183, at *2 (S.D. Cal. May 26, 2020). Therefore, Plaintiff's failure to return USM Form 285s providing the information necessary for the U.S. Marshal to serve the United States, in addition to serving Defendant Wren individually, ultimately falls on Plaintiff's shoulders and is not the fault of the U.S. Marshal or the Court. However, in light of the language of the Court's order regarding how to serve Defendant Wren, Plaintiff's *pro se* status, and the principles of liberal construction that must guide the Court's analysis, the undersigned recommends that the Court adopt the approach followed in *Cristo* and find that Plaintiff is excused from strict compliance with Rule 4(i). *See id.* at *3 (explaining that "under the *Borzeka* factors, the Court excuses Plaintiff from strict compliance with Rule 4(i). It is not disputed that Defendants have received actual notice of the complaint and there is no indication that they would suffer any prejudice from the defect in service. The Court also concludes that there is a justifiable excuse for the failure to serve properly. Although legally unsupported, Plaintiff's strict construction of the Court's order granting the U.S. Marshal authority over service is not unreasonable and could constitute justifiable good cause.").

Plaintiff substantially complied with the requirements of Rule 4 by completing and returning the USM 285 form to the U.S. Marshal with information to effect personal service on Defendant Wren, Plaintiff has a justifiable excuse for his failure to effect service on the

United States, and Defendant has not contended or established that she has been prejudiced by the technical defect in service. Additionally, Defendant Wren and the United States now have actual notice of the summons and FAC. Considering these factors,[2] as well as the Court's charge to be especially "solicitous of the rights of *pro se* litigants, particularly when technical jurisdictional requirements are involved[,]" the undersigned recommends the Court excuse the Rule 4(i) service requirements in this instance and permit the case to proceed without requiring Plaintiff to strictly comply with the Rule. *Borzeka*, 739 F.2d at 448 n.2. Instead, the more efficient and fairer approach would be to set aside the entry of default, excuse the Rule 4(i) service requirements, and extend the deadline for Defendant to respond to the FAC to 60 days from the date of the Court's order setting aside entry of default.

### III.  CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court:

(1) **GRANT** Defendant's Motion to Set Aside Default (ECF No. 14);

(2) **DENY** Plaintiff's Motion for Default Judgement **as moot**;

(3) **DENY** Defendant's request to extend her deadline to file a responsive pleading to 60 days after Plaintiff properly completes service; and

(4) **ORDER** Defendant to file a responsive pleading to the FAC within 60 days of the date of the Court's Order granting Defendant's Motion to Set Aside Default.

\\
\\
\\
\\

---

[2] Because the fourth and final *Borzeka* factor concerns whether Plaintiff would be severely prejudiced if his case were dismissed, it is inapposite in this context and the undersigned accordingly does not address it.

The Court submits this Report and Recommendation to United States District Judge Linda Lopez under 28 U.S.C. § 636(b)(1). Any party to this action may file written objections with the Court and serve a copy on all parties no later than **November 2, 2022**. The document should be captioned "Objections to Report and Recommendation."

**IT IS SO ORDERED**.

Dated:  October 19, 2022

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge