UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY NAVARRETTE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROBIN WREN,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:22-cv-0006-LL-AHG<br><br>**REPORT AND RECOMMENDATION RECOMMENDING THE COURT:**<br><br>**(1) GRANT PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT BASED ON EXCUSABLE NEGLECT; and**<br><br>**(2) EXTEND DEADLINE FOR PLAINTIFF TO FILE OPPOSITION TO MOTION TO DISMISS**<br><br>**[ECF Nos. 26, 35, 37]** |

Before the Court is Plaintiff's Motion to Set Aside Motion to Dismiss, and, if Necessary, Default Judgment, Case Dismissal, for Mistake, Inadvertence, and Excusable Neglect ("Motion to Set Aside Judgment"). ECF No. 37. For the reasons that follow, the undersigned recommends the Court **GRANT** the motion and allow Plaintiff a further opportunity to file an opposition to Defendant's Motion to Dismiss (ECF No. 26).

## I. PROCEDURAL BACKGROUND

Plaintiff, who is proceeding *pro se*, first filed this civil rights action on January 4, 2022, and filed his First Amended Complaint ("FAC") on March 25, 2022, bringing claims against Robin Wren, a Homeland Security Investigations Special Agent for the Department of Homeland Security. ECF No. 1. On May 16, 2022, upon screening of the FAC, the Court found that Plaintiff stated a plausible claim against Defendant Wren for false arrest pursuant to the Fourth Amendment and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), sufficient to survive screening under 28 U.S.C. § 1915(e)(2). ECF No. 9 at 3-4. The Court accordingly ordered the U.S. Marshal Service to effect service on Defendant Wren and required her to file a responsive pleading to the FAC. *Id.* at 4-5.

On January 24, 2023, Defendant Wren filed a Motion to Dismiss the FAC, arguing that Plaintiff's constitutional claims present unwarranted extensions of *Bivens*, that Plaintiff's state constitutional claim is precluded by law, and that Defendant is entitled to qualified immunity. ECF No. 26. Plaintiff failed to file any opposition to the Motion to Dismiss the FAC, despite being given a *sua sponte* extension of time to do so and being warned that failure to respond could properly be construed as consent to grant the motion. ECF No. 31; *see* CivLR 7.1(f)(3)(c) (explaining that the non-moving party's failure to file an opposition to a motion "may constitute a consent to the granting of a motion"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding a lower court's application of a similar Local Rule, and finding that a motion to dismiss may be granted as unopposed where a pro se litigant fails to file any response because "pro se litigants are bound by the rules of procedure"). However, notwithstanding the Ninth Circuit authority affirming the propriety of dismissal under similar circumstances, the undersigned issued a Report and Recommendation ("R&R") addressing the Motion to Dismiss on the merits rather than recommending the Court grant the motion based solely on Defendant's failure to respond. ECF No. 33 at 5-16.

In the R&R, the undersigned recommended that the Court grant Defendant's Motion

to Dismiss in its entirety and dismiss the action with prejudice, on the grounds that, even assuming all facts in the FAC as true, (1) Plaintiff's state constitutional claim against Defendant Wren fails, because Article 1, Section 7(a) of the California Constitution does not create a private right of action; (2) Plaintiff did not state a claim under the Bane Act; (3) to the extent Plaintiff's state-law claims could be construed as tort claims, Defendant Wren is entitled to immunity against such claims under the Westfall Act; (4) Plaintiff's claim for declaratory judgment that Defendant violated his rights under the California Constitution was not justiciable, because past acts cannot be the basis for declaratory judgment; and (5) under binding Supreme Court precedent, Plaintiff's federal constitutional claims against Defendant Wren represented an unwarranted extension of the *Bivens* remedy. *Id.* The parties were given a deadline of May 25, 2023 to file objections to the R&R. *Id.* at 16. Neither party did so.

On June 1, 2023, the Court issued an Order Adopting the R&R and Granting the Motion to Dismiss with Prejudice ("Order of Dismissal"). ECF No. 34. In the Order of Dismissal, the Court noted that neither party filed an objection to the R&R, and further stated that it had reviewed the R&R and found that it was "thorough, well-reasoned, and contains no clear errors." *Id.* at 2. The Court thus adopted the R&R in its entirety, dismissed the case with prejudice, and directed the Clerk of Court to close the case. *Id.*

On June 2, 2023, Plaintiff filed the instant motion, requesting that the Court set aside the dismissal of his case. ECF No. 37. Plaintiff erroneously frames the motion as a request to "set aside the entry of default . . . under FRCP 55(c)[,]" although there was no default judgment in this action. *Id.* at 1-2. However, considering Plaintiff's *pro se* status, the Court construes the motion liberally as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1). *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants. . . . This rule is particularly important in civil rights cases.") (citations omitted); *see also* ECF No. 37 at 3, 4 (Plaintiff quoting and properly applying Rule 60(b)(1) to his argument in certain portions of the motion).

## II. LEGAL STANDARD

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a party may move the Court for relief from judgment on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Rule 60(b) "is remedial in nature and therefore must be liberally applied. . . . Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (internal citation omitted).

"[A]t least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). The determination of whether a party has shown "excusable neglect" under Rule 60(b)(1) is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 395). Factors that must be considered in making this determination include (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. *See also Briones*, 116 F.3d at 381 (holding that "the equitable test set out in *Pioneer* applies to Rule 60(b)"). "These four enumerated factors, while not an exclusive list, provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *Id.*

## III. DISCUSSION

In the Motion to Set Aside Judgment, Plaintiff explains that he was homeless for a

period of time beginning in December 2022, and that both his car and phone were stolen. ECF No. 37 at 2. When Plaintiff lost his phone, he also lost access to the files and information related to his case as well as his email accounts, which were protected by two-factor authentication. *Id.* Plaintiff states that he "had to direct focus on where he would eat, sleep, use the bathroom, and on making his way out of homelessness" during this period of time, and that he "was never properly served, notified, and or had any idea as to what was taking place in the case or had an opportunity to respond to defendant's motion to dismiss." *Id.* By the time Plaintiff regained "access to his I-Cloud Account and files, the case had been dismissed." *Id.*

As discussed, the applicable framework for whether Plaintiff has established that his failure to respond to Defendant's Motion to Dismiss or to the R&R recommending that the Court grant the Motion to Dismiss constitutes "excusable neglect" involves consideration of at least four enumerated factors: the danger of prejudice to Defendant if the dismissal is set aside, the length of the delay and its potential impact on the proceedings, the reason for Plaintiff's delay, and whether Plaintiff acted in good faith. Each of these factors weighs in favor of finding that Plaintiff's failure to meet his filing deadlines was the result of excusable neglect. Given the "flexible understanding" of the "excusable neglect" standard that is mandated by the Supreme Court, the Court should find that Plaintiff's reasons for missing his filing deadlines satisfy this four-factor test. *Pioneer*, 507 U.S. at 389.

First, the length of the delay is minimal. Plaintiff filed a Notice of Change of Address and the instant Motion to Set Aside Judgment on June 2, 2023, only one day after the Court adopted the R&R and dismissed the case, and 8 days after the missed objections deadline of May 25, 2023. ECF Nos. 33, 36, 37. Second, Plaintiff's reason for the delay is that he became homeless, had his car and phone stolen, and lost all access to information about his case for an extended period of time, and that he had no notice of the activity in his case during that time period. Therefore, Plaintiff's failure to meet his deadlines to oppose the Motion to Dismiss and to object to the R&R is attributable to the fact that he was not receiving the mailings in this case that were sent to his previous address of record, and he

was unable to access information about the case using his phone. On the other hand, the Local Rules require parties proceeding *pro se* to "keep the Court and opposing parties advised as to current address." CivLR 83.11(b). Although Plaintiff had no phone and was not receiving mail at his previous address of record, Plaintiff does not explain why he was unable to send physical mail to the Clerk of Court with an updated address until June 2, 2023. Nonetheless, particularly given that Rule 60(b) "must be liberally applied," the Court finds that Plaintiff's explanation that he was singularly focused on immediate physical needs such as food, sleep, and shelter rather than this litigation during his period of homelessness is a plausible and understandable reason for his delay. Third, there is no evidence or indication that Plaintiff acted in bad faith or for the purpose of delaying the proceedings.

The last factor to examine is danger of prejudice to Defendant if the dismissal is set aside. Because the Motion to Dismiss should be granted in full on its merits, the danger of prejudice to Defendant if Plaintiff were allowed to file a belated Opposition or belated Objections to the R&R is minimal. In the R&R, the undersigned addressed Defendant's Motion to Dismiss on the merits and recommended dismissal of the action with prejudice because Plaintiff stated no cognizable claims in his FAC, not based on Plaintiff's procedural default in failing to respond to the motion. Therefore, if the Court were to set aside the dismissal of this action, Defendant would not be required to participate in the case again unless Plaintiff files an opposition to the Motion to Dismiss—or, later, objections to the R&R—that the Court finds meritorious. It is highly unlikely that Plaintiff could file a meritorious opposition or objections where, as here, the only claim that apparently survived screening is Plaintiff's Fourth Amendment claim against federal agent Defendant Wren pursuant to *Bivens*, and there is controlling Supreme Court precedent directly on point that putative *Bivens* claims cannot lie against a federal agent based on the agent's conduct in enforcing border security. *Egbert v. Boule*, 142 S. Ct. 1793 (2022); *Hernández v. Mesa*, 140 S. Ct. 735 (2020). Further, even assuming that Plaintiff's other claims in his FAC survived screening, as explained in the R&R, they are not cognizable either. *See* ECF No.

33 at 8-11. Although setting aside the judgment and reopening the case would delay its resolution, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). Therefore, the Court should find all four factors of the equitable test have been met and should accordingly grant Plaintiff's motion and set aside the judgment in this case.

  Admittedly, for the same reasons explained in the analysis of the prejudice factor, the Court could arguably be justified in denying Plaintiff's Motion to Set Aside Judgment because the motion does not address the actual basis of the Court's judgment in this action. That is, even finding that Plaintiff's failure to meet his filing deadlines constitutes excusable neglect, that neglect was not the basis of the Court's dismissal of his complaint. *See Manzano v. Cal. Dep't of Motor Vehicles*, 467 F. App'x 683, 685 (9th Cir. 2012) (upholding the lower court's denial of a litigant's 60(b)(1) motion to set aside dismissal, because "the neglect that [the plaintiff] sought to have the court excuse—his failure to file a timely second amended complaint—was not the basis for the district court's dismissal of the action. The action was dismissed because [he] failed to file a response to the state's motion to dismiss. The district court was therefore correct to deny [the plaintiff's] application, which did not address the actual basis of the judgment").

  Similarly, here, Plaintiff's Motion to Set Aside Judgment does not "address the actual basis of the judgment." *Id.* Plaintiff fails to address the merits of the Motion to Dismiss or the findings and recommendations in the R&R in any substantive way, beyond stating in a cursory fashion that "[t]here appear to be numerous defenses, both factual and legal, in this case." ECF No. 37 at 5. The bulk of the Motion to Set Aside Judgment is made up of irrelevant and inapplicable arguments that appear to be from a pre-written template containing alternative arguments presented in brackets. And even in the sections that are relevant to his Rule 60(b) motion, Plaintiff has left bracketed template language, without making any substantive effort to grapple with the applicable factors. For example, after urging the Court to set aside the judgment in this case for "excusable neglect" pursuant to

Rule 60(b)(1),[1] Plaintiff presents the following arguments in support:

> Here, first, the party seeking to set aside the default did not engage in culpable conduct that led to the default. Rather, the declaration of the plaintiff sets forth that the plaintiff [provided any facts supporting this defense].
> Second, the plaintiff has numerous meritorious defenses, as set forth in the heading below.
> Third, there is no 'default judgment' to be reopened that would prejudice the other party. Rather, no default judgment has been entered.

*Id.* at 4 (brackets in original).

In "the heading below" where Plaintiff purportedly shows that he "has numerous meritorious defenses," as referenced above, Plaintiff argues that he will present "a Meritorious Defense to All Causes of Action in the Response to [the] Motion to Dismiss." *Id.* But, in support, Plaintiff again merely provides bracketed template language without any substantive argument to the Court, stating, "Explained below are the meritorious defenses as relevant to setting aside the default. [Explain the law on the causes of action alleged in the complaint and why the defendants won't prevail, e.g., a particular element is not alleged in the complaint and/or there are any fact showing a defense to the action.]" *Id.*

Nonetheless, the "excusable neglect" standard is an equitable concept that "must be liberally applied." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (citation omitted). Although the R&R addresses Defendant's Motion to Dismiss on the merits rather than recommending it be granted on a procedural technicality, the Ninth Circuit has held it was an abuse of discretion for a trial court to deny a Rule 60(b) motion under similar circumstances, where a plaintiff failed to timely oppose a summary judgment motion and where, as here, the four-factor equitable test for excusable neglect for missing the filing deadline was met, notwithstanding that the case was decided on the merits and not by default judgment. *Gravatt v. Paul Revere Life Ins. Co.*, 101 F. App'x 194, 195-97

---

[1] In this section, Plaintiff presents case law applicable to setting aside a default judgment. As discussed, the dismissal of Plaintiff's action does not constitute a default judgment, but the Court liberally construes his motion as a motion to set aside the judgment entered pursuant to the grant of Defendant's Motion to Dismiss.

(9th Cir. 2004). Reversing the decision, the *Gravatt* court explained that the trial court "overstated the significance of the fact that [the] case was decided on the merits, not by default judgment[,]" and emphasized that, no matter how careful and methodical the court's consideration of the summary judgment motion was, "there is a big difference between considering the motion *sua sponte* and doing so with the benefit of adversarial briefing." *Id.* at 196.

Applying that rationale, the Court should not deny Plaintiff the opportunity to submit adversarial briefing on the Motion to Dismiss where the equitable test for excusable neglect to meet his filing deadlines has been met, notwithstanding the high likelihood that his opposition will be without merit. As it stands, the Court can only speculate as to what Plaintiff might have stated in his Opposition to the Motion to Dismiss or Objections to the R&R. Significantly, had Plaintiff timely filed objections to the R&R, the Court would have been required to apply a *de novo* standard of review under 28 U.S.C. § 636(b)(1), rather than the far more deferential "clear error" standard, requiring only that the Court "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee's note to 1983 amendment (citation omitted); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court made clear in its Order adopting the R&R and granting the Motion to Dismiss that it was applying the "clear error" standard because there were no objections filed. ECF No. 34 at 2. Therefore, although Plaintiff's arguments against dismissal of his case are not likely to have merit, principles of equity counsel in favor of giving him the opportunity to do so where, as here, he has established that his failure to meet his filing deadlines was the result of excusable neglect, and where the ultimate entry of judgment was based on a more deferential standard of review than it would have been had Plaintiff timely filed objections.

The key question before the Court is not whether Plaintiff will be able to avoid the outcome of dismissal if he is permitted another opportunity to oppose dismissal on the

merits, but instead whether the four-factor test for "excusable neglect" as set forth in *Pioneer* is satisfied. For the reasons explained above, the Court should find the test has been met. Therefore, the Court should set aside the judgment in this case to permit Plaintiff another opportunity to oppose the Motion to Dismiss on the merits. If Plaintiff files an Opposition, the undersigned will issue a new R&R on the Motion to Dismiss with the benefit of adversarial briefing, and the parties shall have another opportunity to file objections to the R&R thereafter.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order:

(1) adopting this Report and Recommendation;

(2) setting aside the judgment in this action (ECF No. 35) and reopening the case; and

(3) resetting the deadline for Plaintiff to file an Opposition to the Motion to Dismiss (ECF No. 26) to a date two weeks after the Court enters an Order adopting this Report and Recommendation.

If this Report and Recommendation is adopted, and Plaintiff files an Opposition to the Motion to Dismiss, the undersigned will take the Motion to Dismiss under submission on the papers without oral argument and will issue a new Report and Recommendation to the Court. No Reply shall be required.

The Court submits this Report and Recommendation to United States District Judge Linda Lopez under 28 U.S.C. § 636(b)(1). Any party to this action may file written objections with the Court and serve a copy on all parties no later than **August 24, 2023**. The document should be captioned "Objections to Report and Recommendation."

**IT IS SO ORDERED**.

Dated: August 9, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge