UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY NAVARRETTE aka Mr. T. Navarrette EL,<br><br>        Plaintiff,<br><br>  vs.<br><br>ROBIN WREN,<br><br>        Defendant. | Case No.:  22cv006-LL-AHG<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT & RECOMMENDATION GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT BASED ON EXCUSABLE NEGLECT [ECF No. 38];**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT BASED ON EXCUSABLE NEGLECT [ECF No. 37];**<br><br>**(2) OVERRULING DEFENDANT'S OBJECTIONS [ECF No. 39]; and**<br><br>**(3) RESETTING DEADLINE FOR PLAINTIFF TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Plaintiff Tommy Navarette's ("Plaintiff") Motion to Set Aside Motion to Dismiss, and, if Necessary, Default Judgment, Case Dismissal, for Mistake, Inadvertence, and Excusable Neglect. ECF No. 37, Motion to Set Aside Judgment ("Motion" or "Mot."). The Report & Recommendation ("R&R") issued by United States Magistrate Judge Allison H. Goddard recommends that the Court grant Plaintiff's Motion to Set Aside Judgment based on mistake and excusable neglect and reset the deadline for Plaintiff to file an opposition to Defendant Robin Wren's ("Defendant") motion to dismiss [ECF No. 26]. ECF No. 38. Defendant filed an objection to the R&R. ECF No. 39. For the reasons discussed below, the Court **ADOPTS** the R&R **IN ITS ENTIRETY**, **GRANTS** Plaintiff's Motion, **OVERRULES** Defendant's objections, and **RESETS** the deadline for Plaintiff to file an opposition to Defendant's motion to dismiss.

## I. BACKGROUND

This Order incorporates by reference the thorough and accurate recitation of the procedural history underlying the instant Motion contained in Magistrate Judge Goddard's R&R. *See* ECF No. 38 at 2–3.

## II. LEGAL STANDARD

### A. Objections to the Report and Recommendation

As set forth by 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, a district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court need not conduct de novo review of any findings and recommendations to which no objections are filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

### B. Setting Aside Judgment

Rule 60(b) allows a court to set aside a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). In the Ninth Circuit, "[o]ur starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

"Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,' . . . and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. Partnership*, 507 U.S. 380, 388, 394 (1993)). To determine whether neglect is excusable, courts consider the four *Pioneer* factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *See Pioneer*, 507 U.S. at 395; *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("the equitable test set out in *Pioneer* applies to Rule 60(b)"). However, these factors are "not an exclusive list." *Briones*, 116 F.3d at 381. "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer*, 507 U.S. at 395). In addition, mistake and excusable neglect can be analyzed together. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds in Delgado v. Dempsey's Adult Care Homes, LLC*, 2023 WL 3034263 (9th Cir. Apr. 21, 2023).

///

## III. DISCUSSION

Plaintiff's Motion moves to set aside the entry of judgment on the basis of mistake and excusable neglect pursuant to Rule 60(b)(1). *See* Mot. at 2. Defendant argues that Plaintiff's failure to timely file an opposition to the motion to dismiss was not due to excusable neglect and further states that it would be futile to reopen this case because Plaintiff's claim cannot survive a motion to dismiss. ECF No. 39 at 2–4.

### A. *Pioneer* Factors

To determine whether a party's failure to meet a deadline constitutes "excusable neglect" under Rule 60(b)(1), courts consider the four *Pioneer* factors. *Pioneer*, 507 U.S. at 395. The Court addresses each of these factors in turn.

#### 1. Prejudice to Defendant

The first *Pioneer* factor examines the danger of prejudice to the opposing party if the dismissal is set aside. *See Pioneer*, 507 U.S. at 395.

Here, Defendant offers no argument for how she would be prejudiced other than her claim that there would be further delay in resolving this case and further resources expended with continuing litigation. ECF No. 39 at 3. However, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge*, 587 F.3d at 1196; *see also Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding prejudice to the opposing party from the loss of a "quick victory" was minimal). Accordingly, the Court finds the danger of prejudice to Defendant is minimal if the dismissal is set aside and Plaintiff is allowed to file an opposition to the motion to dismiss. Accordingly, this first *Pioneer* factor weighs in favor of Plaintiff.

#### 2. Length of the Delay

The second *Pioneer* factor examines whether the length of the delay was minimal. *See Pioneer*, 507 U.S. at 395.

Here, Plaintiff filed a Notice of Change of Address and the instant Motion on June 2, 2023, only one day after the Court adopted the R&R and dismissed the case, and only

eight days after the missed objections deadline of May 25, 2023.[1] ECF Nos. 33, 36, 37; *see Bateman,* 231 F.3d at 1225 (filing a Rule 60(b) motion a little more than one month after the court's order dismissing the case was "not long enough to justify denying relief"). Accordingly, this second *Pioneer* factor weighs in favor of Plaintiff.

### 3. Reason for the Delay

The third *Pioneer* factor examines the movant's reason for the delay, including whether it was within the reasonable control of the movant. *See Pioneer*, 507 U.S. at 395.

Here, Plaintiff states that the causes of his delay were that he became homeless, "broke his right hand," had his phone and car stolen, and lost access to his email accounts and "files containing all case documents, information, dates." Mot. at 2. Further, Plaintiff states he, "was never properly served, notified, and or had any idea as to what was taking place in the case or had an opportunity to respond to [D]efendant's motion to dismiss." *Id.* In response, Defendant argues that Plaintiff's own filing "demonstrates that he had the ability to conduct online research and to access e-mail as early as March 23, 2023, and had a working phone prior to that date." ECF No. 39 at 2. Defendant states that Plaintiff should have "called the clerk's office" during that time to update his address and inquired about the status of his case. *Id.* Although Plaintiff does not explain why he was unable to send physical mail to the Clerk of Court with an updated address until June 2, 2023, such a delay is not significant in the context of the facts of this case. Accordingly, this third *Pioneer* factor weighs in favor of Plaintiff.

### 4. Good Faith

The last *Pioneer* factor examines whether Plaintiff acted in bad faith. *See Pioneer*, 507 U.S. at 395.

---

[1] Defendant disagrees that Plaintiff's Motion should be construed as a Rule 60(b) motion to set aside judgment because Plaintiff's motion was dated May 26, 2023, prior to the entry of the Court's June 1, 2023 order dismissing the case. *See* ECF No. 39 at 4. However, given that Plaintiff's Motion was filed on the docket on June 2, 2023, the Court will construe the Motion as a Rule 60(b)(1) motion.

Here, there is no indication that Plaintiff acted in bad faith by not timely opposing Defendant's motion to dismiss. *See Bateman*, 231 F.3d at 1225 ("[T]here is no evidence that [Plaintiffs' counsel] acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness"). Accordingly, this fourth *Pioneer* factor weighs in favor of Plaintiff.

In sum, all four *Pioneer* factors weigh in Plaintiff's favor, and thus, the Court finds that the delays that led to the dismissal of Plaintiff's case were the result of excusable neglect pursuant to Rule 60(b)(1).

### B. Likelihood of Success on Underlying Motion

Although it is not a *Pioneer* factor, some courts consider the movant's likelihood of success on the underlying motion. *See United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) ("A district court may deny relief under Rule 60(b)(1) when the moving party has failed to show that she has a 'meritorious defense.'"); *Manzano v. Cal. Dep't of Motor Vehicles*, 467 F. App'x 683, 685 (9th Cir. 2012) (affirming the district court's denial of the plaintiff's 60(b)(1) motion because "the neglect that [the plaintiff] sought to have the court excuse—his failure to file a timely second amended complaint—was not the basis for the district court's dismissal of the action. The action was dismissed because [the plaintiff] failed to file a response to the state's motion to dismiss. The district court was therefore correct to deny [the plaintiff's] application, which did not address the actual basis of the judgment."); *Toyrrific, LLC v. Karapetian*, 2016 WL 5419397, at *3 (C.D. Cal. Sept. 26, 2016) (denying the plaintiff's 60(b)(1) motion because the plaintiff's "underdeveloped arguments and continued inability to produce relevant documents" led to the court's dismissal of the case in the first place, and plaintiff had "little likelihood of success on the merits if its case were reopened.").

In the Court's previous R&R, the Court granted Defendant's motion to dismiss on the merits and recommended dismissal of the action because Plaintiff stated no cognizable claims in his FAC. *See* ECF No. 33 at 15. As such, the Court's prior dismissal was not based on Plaintiff's procedural default in failing to respond to Defendant's motion to

dismiss. Here, Plaintiff's Motion again fails to address the merits of Defendant's motion to dismiss or the findings of the Court's prior R&R. *See generally* Mot. Additionally, although Plaintiff's Motion argues that it will present "a Meritorious Defense to All Causes of Action in the Response to Motion to Dismiss," Plaintiff fails to articulate any substantive arguments to the Court. *Id.* at 5. Accordingly, Plaintiff has little likelihood of success on the merits if the case were reopened.

However, the Ninth Circuit has held that the determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of *all* relevant circumstances surrounding the party's omission." *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer*, 507 U.S. at 395) (emphasis added) (internal citations omitted). In considering all the relevant circumstances and all four of the *Pioneer* factors, the circumstances ultimately weigh in favor of granting Plaintiff's Motion although Plaintiff's likelihood of success on the merits and on Defendant's motion to dismiss may be low. As such, the Court finds there is excusable neglect to set aside the judgment in this case to permit Plaintiff another opportunity to oppose the motion to dismiss on the merits.

## IV.  CONCLUSION

For the reasons stated above, the Court hereby:

1. **ADOPTS** the Report & Recommendation in its entirety [ECF No. 38];
2. **GRANTS** Plaintiff's Motion to Set Aside Judgment [ECF No. 37];
3. **OVERRULES** Defendant Wren's objections [ECF No. 39]; and
4. **RESETS** the deadline for Plaintiff to file an opposition to Defendant's motion to dismiss [ECF No. 26]. Plaintiff shall file an opposition to Defendant's motion to dismiss no later than **December 19, 2023**. If Plaintiff files and serves an amended opposition, Defendant must file and serve a reply no later than **January 2, 2024**.

**IT IS SO ORDERED.**

Dated:  December 5, 2023

_____
Honorable Linda Lopez
United States District Judge